**NOT FOR PUBLICATION**

```
                   UNITED STATES DISTRICT COURT
                      DISTRICT OF NEW JERSEY


JAVITZ WILLIAMS,                :
                                :   Civil Action No. 09-230 (PGS)
          Plaintiff,            :
                                :
                                :
     v.                         :   OPINION
                                :
STATE OF NEW JERSEY BUREAU      :
OF CORRECTIONS, et al.,         :
                                :
          Defendants.           :
```

**APPEARANCES**:

    JAVITZ WILLIAMS, Plaintiff pro se
    #460085/326459C
    South Woods State Prison
    215 Burlington Road South
    Bridgeton, New Jersey 08302

    MARY BETH WOOD, ESQ.
    OFFICE OF THE NEW JERSEY ATTORNEY GENERAL
    DEPARTMENT OF LAW AND PUBLIC SAFETY
    R.J. Hughes Justice Complex
    25 Market Street, P.O. Box 112
    Trenton, New Jersey 08625-0112
    Counsel for Defendant, New Jersey Department of Corrections,
    improperly pled as the State of New Jersey Bureau of
    Corrections

**SHERIDAN**, District Judge

    THIS MATTER comes before the Court on the motion of Defendant, New Jersey Department of Corrections, improperly pled as the State of New Jersey Bureau of Corrections (hereinafter NJDOC), to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6). (Docket entry no. 14). This motion is being considered on the papers, pursuant to Fed.R.Civ.P. 78. For the

reasons set forth below, Defendant's motion will be granted, and the Complaint will be dismissed with prejudice, in its entirety, as against NJDOC.

## I.  BACKGROUND

Plaintiff, Javitz Williams, filed this civil action, pursuant to 42 U.S.C. § 1983, alleging that, on or about May 2, 2007, he was maliciously beaten by correctional officers while he was confined at the Passaic County Jail ("PCJ").  Williams brings this Complaint against the following defendants: the NJDOC; the County of Passaic; Sergeant R. Grant; CO McNally; CO Flores; CO Vasquez; and CO Purham.  The Complaint does not allege any facts against the defendants, NJDOC and the County of Passaic.

On August 16, 2010, the NJDOC filed a motion to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6).  The other defendants have not filed an answer or otherwise pled in response to the Complaint.

Defendant NJDOC asserts that dismissal is appropriate because defendant is not a person subject to suit under § 1983, is entitled to Eleventh Amendment immunity, and because the Complaint fails to assert factual allegations or legal claims against defendant.  Plaintiff has not filed an opposition to the motion to dismiss.

## II.  DISCUSSION

A.  Standard of Review

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the Court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. See, e.g., Ashcroft v. Iqbal, __ U.S.__, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. Iqbal, 129 S.Ct. at 1950.

While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Iqbal, 129 S.Ct. at 1949; Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993)(quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide

the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, .... Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal citations and quotations omitted); see also Iqbal, 129 S.Ct. at 1949-50.

B.  Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974). The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984). Similarly, absent consent by a state, the Eleventh Amendment bars

federal court suits for money damages against state officers in their official capacities. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Section 1983 does not override a state's Eleventh Amendment immunity. Quern v. Jordan, 440 U.S. 332 (1979).

In addition, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities for money damages are persons within the meaning of § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989); Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983).

Here, Williams asserts an unspecified claim against the NJDOC. This Court finds that the NJDOC is protected by the Eleventh Amendment. Therefore, defendant's motion to dismiss on this ground will be granted.

C. NJDOC is Not a "Person" Subject to § 1983 Liability

As noted above, plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, the defendant NJDOC is not a "person" for purposes of § 1983 liability. See Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989)(the New Jersey Department of Corrections is not a person under § 1983); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (D.C. Pa. 1976). Therefore, the Complaint must be dismissed for failure to state a claim.

Finally, the Court observes that the Complaint fails to allege any facts or legal claims against defendant NJDOC, and the Complaint is subject to dismissal under Iqbal.

III.  CONCLUSION

For the reasons set forth above, defendant's motion to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6), will be granted, and the Complaint will be dismissed with prejudice as against defendant NJDOC for failure to state a claim upon which relief may be granted.  An appropriate order follows.


                                         *s/Peter G. Sheridan*  
                                         PETER G. SHERIDAN, U.S.D.J.

March 29, 2011